8/14/2023 4:50 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-23-004387
Ruben Tamez

D-1-GN-23-004387

**CAUSE NO. ___________**

| | | |
|---|---|---|
| **ESTHER'S FOLLIES, INC.** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | 200TH, DISTRICT COURT |
| | § | |
| **v.** | § | **______ JUDICIAL DISTRICT** |
| | § | |
| **UNITED STATES LIABILITY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MOUNT VERNON FIRE INSURANCE** | § | |
| **COMPANY** | § | |
| **Defendants.** | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Esther's Follies, Inc. files this Plaintiff's Original Petition against Defendants, United States Liability Insurance Company and Mount Vernon Fire Insurance Company, and would show unto the Court and Jury as follows:

## I. PARTIES AND DISCOVERY LEVEL

1. Discovery is intended to be conducted under Level Three of Tex. R. Civ. P. 190.

2. Plaintiff Esther's Follies, Inc. is a Texas limited liability company.

3. Defendant United States Liability Insurance Company ("USLIC") is an insurance company authorized to conduct business in the State of Texas and may be served through its registered agent for service of process, Daniel Buechler, Thompson, Coe, Cousins & Irons, LLP, 700 N. Pearl Street, Suite 2500, Dallas, Texas 75201-2832.

4. Defendant Mount Vernon Fire Insurance Company ("Mount Vernon") is a foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas and may be served through the Texas Commissioner of Insurance by providing two copies of the documents to be served and a $50.00 fee payable by check or money order made out to the

Texas Department of Insurance addressed to Chief Clerk Office, Mail Code GC-CCO, P.O. Box 12030, Austin, Texas 78711-2030 for forwarding to Mount Vernon Fire Insurance Company, 1190 Devon Park Drive, Wayne, Pennsylvania 19087.

## II. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter because the amount in controversy is within the jurisdictional limits of the Court. Venue is proper in Travis County because all or a substantial part of the events giving rise to the claim took place in Travis County, Texas.

## III. RULE 47 DAMAGE ALLEGATIONS

6. Pursuant to Tex. R. Civ. P. 47, Plaintiff alleges that the damages sought are within the jurisdictional limits of the Court. Plaintiff seeks monetary relief over $250,000 but not more than $1,000,000.

7. Pursuant to Tex. R. Civ. P. 48, Plaintiff elects to plead in the alternative.

## IV. BACKGROUND FACTS

8. Plaintiff's property located at 525 E. 6th Street, Austin, Texas (the "Property") sustained damage resulting from a hailstorm occurring on or about March 24, 2021 (the "Loss"). At the time of the Loss, the Property was insured by a policy of insurance sold by Defendants USLIC and Mount Vernon to Plaintiff (the "Policy"). All premium payments required to be paid for the Policy had been paid as of the time of the Loss and said policy was in full and effect without lapse during the applicable policy period. The Policy provided coverage for damage to the Property caused by wind and/or hail.

9. After discovering storm damage to the Property, Plaintiff reported a claim to Defendants in accordance with the terms of the Policy (the "Claim"). Plaintiff cooperated with Defendants during the investigation of the Claim by making the Property available for inspections

by Defendants' consultants and adjusters and by providing all available documentation responsive to requests by Defendants.

10. Plaintiff hired Grasso Public Adjusters ("Grasso") to assist with the presentation of the Claim. Grasso presented Defendants with evidence of substantial damage to the Property, including photographs and a repair estimate totaling $273,269.54.

11. Defendants retained engineering firm Donan Engineering Co., Inc. ("Donan") to inspect the Property and report on the damage. Donan's report noted damage to the roof of the Property, including damage caused by hail. Donan, however, concluded the damage resulted from age-related deterioration. Despite Plaintiff's ongoing cooperation with its insurer, and Grasso's attempts to resolve the disputed claim, Defendants and their representatives denied payment of the Claim based on Donan's assessment.

12. Plaintiff hired engineer W. Tom Witherspoon, Ph.D., P.E. to inspect the Property and provide an opinion on the scope of damage including necessary repairs caused by the Loss. Dr. Witherspoon inspected the Property on October 29, 2021, with Joe Grasso, a representative of Grasso Public Adjusters. His investigation included inspecting and photographing the Property and consideration of the relevant weather and hail history for the Property. Dr. Witherspoon noted that the observed hail spatter and indentations on the Property's roof were consistent with 1" or larger sized hail stones occurring at the Property on or about March 25, 2021, which date was within the Policy period.

13. A copy of Dr. Witherspoon's report was provided to Defendants along with a duplicate copy of Grasso's estimate with a request for Defendants to reconsider its claim decision and fully pay the Claim. However, despite receiving evidence of a covered Claim, including supporting documents, Defendants have maintained their improper Claim decision.

14. Plaintiff cooperated with Defendants during the investigation of the Claim by responding to inquiries and making the Property available to Defendants and their consultants for inspections. Despite evidence of a covered loss involving additional damage to the Property, Defendants have failed to fully and timely pay the Claim for covered damages. Defendants' inadequate investigation, including the wrongful denial of full policy benefits, has necessitated the filing of this suit.

## V. CLAIMS AGAINST DEFENDANTS

### a. Breach of Policy Contract

15. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites for the filing of this suit and recovery of damages have been met by the Plaintiff.

16. Plaintiff would show that the Policy was in full force and effect upon discovery of the covered physical loss or damage to its Property. The Policy insures against Direct Physical Loss to Covered Property caused by a covered peril. The Policy provides coverage for damage resulting from a hailstorm. Accordingly, the event constitutes a covered peril under the Policy of insurance issued by Defendants.

17. Plaintiff timely submitted a claim to Defendants for payment of the Claim for covered damages to its Property. Defendants have refused and failed to fully pay pursuant to the terms of the Policy, and by failing to do so, have breached the Policy.

### b. Common Law Causes of Action

18. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. All prerequisites to the filing of this suit and recovery of damages have been met by the Plaintiff.

19. By its acts, omissions, failures and conduct, Defendants breached the common law duty of good faith and fair dealing by delaying and denying fully payment of Plaintiff's claim for damages to its Property without a reasonable basis and by failing to conduct a reasonable investigation with respect to the Claim. Defendants also breached their duty by unreasonably delaying payment of the Claim and failing to fully settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that such claim was covered. These acts, omissions, failures, and conduct of Defendants are a proximate cause of Plaintiff's damages.

**c. <u>Texas Insurance Code Violations</u>**

20. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.

21. By their acts, omissions, failures, and conduct, Defendants have engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, the conduct described in this petition plus Defendants' unreasonable delays in the investigation and resolution of the Claim and its failure to pay such claim after liability had become reasonably clear. Specifically, Defendants committed the following unfair insurance practices:

a. Defendants engaged in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(2)(A) and Tex. Bus. & Com. Code § 17.50(A)(4) by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

b. Defendants engaged in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(3) and Tex. Bus. & Com. Code § 17.50(a)(4) by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

c. Defendants engaged in unfair claims settlement practices prohibited by Tex. Ins. Code Section § 541.060(a)(4) and Tex. Bus. & Com. Code § 17.50(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights to a policyholder; and

d. Defendants engaged in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(7) and Tex. Bus. & Com. Code § 17.50(a)(4) by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

22. All of the above-described acts, omissions and failures of Defendants were a proximate and producing cause of Plaintiff's damages. Further, said unlawful acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

**d. DTPA Violations**

23. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.

24. Defendants' conduct, acts, omissions, and failures as described herein constitute the use or employment by any person of an act or practice in violation of Tex. Ins. Code Ch. 541, giving Plaintiff the right to relief pursuant to Tex. Bus. & Com. Code § 17.50(a)(4).

25. All of the above-described acts, omissions, and failures of Defendants were a proximate and producing cause of Plaintiff's damages. Further, said deceptive acts and practices were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

**e. Violation of Prompt Payment of Claims Act**

26. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendants.

27. Defendants violated the Prompt Payment of Claims Act, Tex. Ins. Code § 542.051 by failing to properly and timely investigate and fully pay the Claim. Defendants' failure to pay the Claim within 60 days of receipt of all items, statements and forms reasonably requested constitutes an automatic violation of Section 542.058, which provides: "*Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060.*"

28. Defendants' wrongful rejection of the Claim necessarily means it failed to pay within 60 days automatically violating Section 542.058. Accordingly, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including attorneys' fees.

## VI. CONDITIONS PRECEDENT

29. All conditions precedent necessary to maintain this action have been performed by Plaintiff.

## VII. DAMAGES

30. The above-described acts, omissions, failures and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the full cost to replace or repair its damaged Property. Plaintiff is also entitled to recover penalty interest on all unpaid monies owed on the Claim as damages under the Prompt Payment of Claims Act.

## VIII. ADDITIONAL DAMAGES

31. Defendants "knowingly" and/or "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

32. As a result of Defendants' knowing and/or intentional misconduct, Plaintiff is entitled to additional damages as authorized by the Texas Insurance Code and DTPA.

## IX. ATTORNEYS' FEES

33. As a result of the above-described wrongful acts by Defendants, Plaintiff has engaged the services of the below-signed attorneys. Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Tex. Bus. & Comm. Code § 17.50(d), Tex. Ins. Code §§ 541 and 542 and Tex. Civ. Prac. & Rem. Code 38.001.

## X. JURY DEMAND

34. Pursuant to Tex. R. Civ. P. 216, Plaintiff demands a jury trial.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear, and that upon final jury trial, Plaintiff be awarded damages as set forth above in the sum in excess of the minimum jurisdiction of this Court, costs of Court, attorneys' fees trial and any subsequent appeal of this case, pre and post-judgment interest at the highest rate permitted by law, damages pursuant to the Texas Insurance Code and Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
robert@grishamkendall.com
State Bar No. 00792550
William A. Kendall
wkendall@grishamkendall.com
State Bar No. 24004736
GRISHAM & KENDALL, PLLC
5910 N. Central Expy., Ste. 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 308-2036

**ATTORNEYS FOR PLAINTIFF**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Stella Betancourt on behalf of robert grisham, ii
Bar No. 00792550
stella@grishamlaw.com
Envelope ID: 78517581
Filing Code Description: Petition
Filing Description: PLAINTIFFS ORIGINAL PETITION
Status as of 8/15/2023 12:22 PM CST

Associated Case Party: ESTHER'S FOLLIES, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Stella A. Betancourt | | stella@grishamkendall.com | 8/14/2023 4:50:09 PM | SENT |
| William A. Kendall | | wkendall@grishamkendall.com | 8/14/2023 4:50:09 PM | SENT |
| Robert N. Grisham II | | robert@grishamkendall.com | 8/14/2023 4:50:09 PM | SENT |

9.6.23
12:58p
PSC 849

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-23-004387**

ESTHER'S FOLLIES, INC.
, PLAINTIFF(S)

vs.

UNITED STATES LIABILITY INSURANCE COMPANY; MOUNT VERNON FIRE INSURANCE COMPANY
, DEFENDANT(S)

TO: **UNITED STATES LIABILITY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT DANIEL BUECHLER**
**THOMPSON COE COUSINS & IRONS LLP**
**700 N PEARL STREET#2500**
**DALLAS TX 75201-2832**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **August 14, 2023** in the **200th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **August 15, 2023**

REQUESTED BY:
**GRISHAM, ROBERT NATHAN, II**
**5910 N. CENTRAL EXPY #925**
**DALLAS, TX 75206**

**Ruben Tamez, Deputy**

**RETURN**

Came to hand on the _____ day of _______________, ________ at _______ o'clock ____M., and executed at _______________ within the County of _______________ on the _____ day of _______________, ________, at ________ o'clock ____M., by delivering to the within named _______________, each in person, a true copy of this citation together with the **PLAINTIFFS ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ ________

Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the _____ day of _______________, ________.

By: _______________

Printed Name of Server

_______________ County, Texas

Notary Public, THE STATE OF TEXAS
**D-1-GN-23-004387**

**SERVICE FEE NOT PAID**