FILED
May 14, 2024
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____pg_____
                    DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ESTHER'S FOLLIES, INC.** § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 1:23-CV-01218 |
| § | |
| **MOUNT VERNON FIRE INSURANCE** § | |
| **COMPANY** § | |
| § | |
| *Defendant.* § | |

# PLAINTIFF'S AMENDED COMPLAINT

Plaintiff Esther's Follies, Inc. files Plaintiff's Amended Complaint against Defendant Mount Vernon Fire Insurance Company, and would show unto the Court and Jury as follows:

## I. THE PARTIES

1. Plaintiff Esther's Follies, Inc. is a Texas Limited Liability Company.

2. Defendant Mount Vernon Fire Insurance Company ("Mount Vernon") is a foreign insurance company licensed and authorized to engage in the business of insurance in the State of Texas. Defendant has been duly served and has made an appearance in this action.

## II. CLAIM FOR RELIEF & JURISDICTION

3. Per Rule 8(a) of the Federal Rules of Civil Procedure, this Court already has jurisdiction, and this claim needs no new jurisdictional support. Plaintiff is entitled to relief and currently seeks actual damages in the range of $250,000 plus additional damages and reasonable and necessary attorneys' fees. A jury, however, will ultimately determine the amount of monetary relief actually awarded. Plaintiff also seeks prejudgment and post-judgment interest at the highest legal rate.

**EXHIBIT 1**

4. This case was removed from Texas District Court pursuant to 28 U.S.C. § 1332(a)(1) on the basis that Plaintiff and Defendant are citizens of different states and the amount in controversy exceed $75,000, excluding interest and costs.

5. The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff reserves the right to amend its complaint during and/or after the discovery process or whenever circumstances dictate.

6. This Court has jurisdiction over Defendant, Mount Vernon, because Defendant engages in the business of insurance in the State of Texas by issuing policies to insureds in the State of Texas. Further, Plaintiff's causes of action arise out of this Defendant's business activities in the State of Texas. Plaintiff would also show that Defendant has continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendant. Plaintiff would also show that the cause of action arose from or relates to the contacts of Defendant to the State of Texas, thereby conferring specific jurisdiction with respect to this Defendant.

### III. STATEMENT OF FACTS

7. Plaintiff's property located at 525 E. 6th Street, Austin, Texas (the "Property") sustained damage resulting from a hailstorm occurring on or about March 25, 2021 (the "Loss").

8. At the time of the Loss, the Property was insured by a policy of insurance sold by Defendant Mount Vernon to Plaintiff (the "Policy"). All premium payments required to be paid for the Policy had been paid as of the time of the Loss and said policy was in full and effect without lapse during the applicable policy period. The Policy provided coverage for damage to the Property caused by wind and/or hail.

9. After discovering storm damage to the Property, Plaintiff reported a claim to Defendant in accordance with the terms of the Policy (the "Claim"). Defendant assigned a date of

loss of March 24, 2021. Plaintiff cooperated with Defendant during the investigation of the Claim by making the Property available for inspections to Defendant's consultants and adjusters and providing all available documentation responsive to requests by Defendant.

10. Defendant retained engineering firm Donan Engineering Co., Inc. ("Donan") to inspect the Property and report on the damage. Thereafter, Donan inspected the Property and issued a report of its findings. Donan's report noted: (i) direct evidence of hail impact at Property; (ii) the SPF roof was not damaged by a recent hail event, but full replacement of the roof was recommended due to deterioration; (iii) neither the metal roof panel roof nor the mod-bit roof was damaged by hail; and (iv) no repairs related to the March 2021 hail event are required. On or about August 26, 2021, Defendant denied Plaintiff's claim based on the conclusions contained within Donan's report.

11. Plaintiff hired Grasso Public Adjusters ("Grasso") to assist with the presentation of the Claim. Grasso presented Defendant with evidence of substantial covered damage to the Property, including photographs of damage and a repair estimate totaling $273,269.54.

12. Plaintiff also hired engineer W. Tom Witherspoon, Ph.D., P.E. to inspect the Property and provide a second opinion regarding the scope of damage and necessary repairs caused by the Loss.

13. Dr. Witherspoon inspected the Property on October 29, 2021 with Joe Grasso, a representative of Grasso Public Adjusters. In addition to his inspection of the Property, as part of his investigation of the Loss, Dr. Witherspoon took photographs of the Property's conditions and considered the relevant weather and hail history for the Property.

14. Dr. Witherspoon noted that the observed hail spatter and indentations on the Property's roof were consistent with once inch or larger sized hail stones striking the Property. He

concluded the hail damage at the Property resulted from a storm occurring on or about March 25, 2021, which date was within the Policy period. He recommended replacement of the affected underlayment and roof surfaces due to damage from this storm.

15. A copy of Dr. Witherspoon's report was provided to Defendant along with a duplicate copy of Grasso's estimate with a request for Defendant to reconsider its claim decision and fully pay the Claim. Defendant rejected said evidence in favor of the conclusions reached by Donan.

16. Despite receiving evidence of a covered Claim, including supporting documents, Defendant maintained its improper Claim decision in correspondence dated January 7, 2022.

17. Plaintiff cooperated with Defendant during the investigation of the Claim by responding to inquiries and making the Property available to Defendant and their consultants for inspections.

18. Defendant's inadequate investigation, including the wrongful denial of full policy benefits, has necessitated the filing of this action.

## IV. **CLAIMS AGAINST DEFENDANT**

### a. **Breach of Policy Contract**

19. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Mount Vernon.

20. The Policy purchased from Defendant was in full force and effect at the time of the storm damage to the Property. The Policy provides that in the event a covered loss occurs to the subject property during the applicable policy period, Defendant will pay the insured the cost of repair or replacement of the damage with like kind and quality. The Policy at issue does not exclude

or otherwise limit loss or damage caused by the subject loss resulting from the March 25, 2021 storm. Accordingly, the event constitutes a covered peril causing direct physical loss to the Property.

21. Plaintiff would show that it timely submitted a notice of claim in accordance with the terms of the Policy. Defendant processed the Claim but refused and failed to pay according to its obligations under the contract of insurance, and by failing to do so has breached the Policy contract.

22. The aforementioned acts, omissions, failures, and conduct of Defendant Mount Vernon are a proximate cause of Plaintiff's damages.

### b. Common Law Causes of Action

23. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above for this cause of action. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Mount Vernon.

24. By its acts, omissions, failures and conduct, Defendant breached the common law duty of good faith and fair dealing by delaying and denying full payment of Plaintiff's claim for damages to its Property without a reasonable basis and by failing to conduct a reasonable investigation with respect to the Claim.

25. Defendant also breached its duty by unreasonably delaying payment of the Claim and failing to fully settle Plaintiff's entire claim when it knew or should have known that it was reasonably clear that such claim was covered.

26. The aforementioned acts, omissions, failures, and conduct of Defendant Mount Vernon are a proximate cause of Plaintiff's damages.

### c. <u>Texas Insurance Code Violations</u>

27. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Mount Vernon.

28. By its acts, omissions and conduct, Defendant has engaged in unfair or deceptive acts or practices in the business of insurance in violation of Sections 541.051 and 541.060 of the Texas Insurance Code. Such violations include, without limitation, the conduct described in this petition plus Defendant's unreasonable delays in the investigation and resolution of the Claim and its failure to pay such claim after liability had become reasonably clear.

29. Defendant's acts, omissions and conduct constitute the following unfair insurance practices:

   a. Engaging in unfair claims settlement practices and prohibited by Tex. Ins. Code § 541.060(a)(1) by misrepresenting to a claimant a material fact or policy provision relating to coverage;

   b. Engaging in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(2)(A) by failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;

   c. Engaging in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(3) by failing to provide promptly to a policyholder a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or for the offer of a compromise settlement of a claim;

   d. Engaging in unfair claims settlement practices prohibited by Tex. Ins. Code Section § 541.060(a)(4) by failing within a reasonable time to affirm or deny coverage of a claim or submit a reservation of rights to a policyholder; and

   e. Engaging in unfair claims settlement practices prohibited by Tex. Ins. Code § 541.060(a)(7) by refusing to pay a claim without conducting a reasonable investigation with respect to the claim.

30. All the above-described acts, omissions and conduct of Defendant were a proximate and producing cause of Plaintiff's damages.

31. Further, said unlawful acts and practices of Defendant were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the Texas Insurance Code.

### d. Deceptive Trade Practice Act Violations

32. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Mount Vernon.

33. Defendant's acts, omissions and conduct constitutes the use or employment by any person of an act or practice in violation of Tex. Ins. Code Ch. 541, giving Plaintiff the right to relief pursuant to Tex. Bus. & Com. Code § 17.50(a)(4).

34. All the above-described acts, omissions and conduct of Defendant were a proximate and producing cause of Plaintiff's damages.

35. Further, said unlawful acts and practices of Defendant were committed knowingly and intentionally, for which Plaintiff should recover additional damages as provided by the DTPA.

### e. Prompt Payment of Claims Act Violations

36. Plaintiff reasserts and incorporates by reference all the facts and allegations set forth above. Plaintiff has met all conditions precedent to bringing this cause of action against Defendant Mount Vernon.

37. Defendant violated the Prompt Payment of Claims Act, Tex. Ins. Code § 542.051 by failing to properly and timely investigate and fully pay Plaintiff's claim.

38. Defendant's failure to pay Plaintiff's claim within 60 days of receipt of all items, statements and forms reasonably requested constitutes an automatic violation of Section 542.058 which provides: "Except as otherwise provided, if an insurer, after receiving all items, statements, and forms reasonably requested and required under Section 542.055, delays payment of the claim for a period exceeding the period specified by other applicable statutes or, if other statutes do not specify a period, for more than 60 days, the insurer shall pay damages and other items as provided by Section 542.060."

39. Defendant's wrongful rejection of the Claim necessarily means it failed to pay within 60 days, thus automatically violating Section 542.058.

40. Because of Defendant's violations of the Prompt Payment of Claims Act, Plaintiff is entitled to the relief set forth in Section 542.060 of the act, including penalty interest and reasonable and necessary attorneys' fees.

## V. CONDITIONS PRECEDENT

41. All conditions precedent necessary to maintain this action have been performed by Plaintiff.

## VI. ALTERNATIVE PLEADING

42. Pursuant to Fed. R. Civ. P. 8, Plaintiff elects to plead in the alternative.

## VII. DAMAGES

43. The above-described acts, omissions, failures and conduct of Defendant caused Plaintiff's damages, which include, without limitation, the cost to properly and fully repair its Property. Plaintiff is also entitled to recover the amount of its claim plus penalty interest under Tex. Ins. Code § 542.060.

## VIII. <u>ADDITIONAL DAMAGES</u>

44. Defendant knowingly and intentionally committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.

45. Because of Defendant's knowing and/or intentional misconduct, Plaintiff is entitled to additional damages pursuant to the Tex. Bus. & Comm. Code § 17.50(b)(1) and Tex. Ins. Code § 541.152.

## IX. <u>ATTORNEYS' FEES</u>

46. Plaintiff seeks attorneys' fees for the prosecution of this suit pursuant to Tex. Bus. & Comm. Code § 17.50(d), Tex. Ins. Code §§ 541 and 542, as well as Tex. Civ. Prac. & Rem. Code 38.001.

## X. <u>JURY DEMAND</u>

47. Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby makes a jury demand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon final jury trial, Plaintiff be awarded damages as set forth above and which are in a sum in excess of the minimum jurisdiction of this Court, costs of Court, reasonable attorneys' fees for the trial and any subsequent appeal of this case, pre and post-judgment interest at the highest rate permitted by law, damages authorized by the Texas Insurance Code and Texas Business and Commerce Code, and for such other and further relief, both at law or in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Robert N. Grisham II*
Robert N. Grisham II
State Bar No. 00792550
robert@grishamkendall.com
William A. Kendall
wk@grishamkendall.com
State Bar No. 24004736
GRISHAM & KENDALL, PLLC
5910 N. Central Expressway
Premier Place - Suite 925
Dallas, Texas 75206
Telephone: (214) 308-2027
Facsimile: (214) 308-2036

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 3024, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case files system of the Court.

*/s/ Robert N. Grisham II*
Robert N. Grisham II